UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Willie Mary Miller, | Case No. 2:13-cv-1585-JAD-CWH |
| Petitioner, | |
| v. | **Order Dismissing Case for Failure to Comply with Court Order** |
| Commissioner of Social Security Administration*,* | |
| Respondent. | |

This social security matter comes before the court on petitioner Willie Mary Miller's application to proceed *in forma pauperis*. Doc. 4. Magistrate Judge Hoffman denied Miller's *in forma pauperis* application on two occasions, and I subsequently overruled her objection. Docs. 2, 4-7. In my September 18, 2014, order, I informed Miller that she had 30 days to pay the $400 filing fee, and I cautioned her that "failure to comply with this order by timely payment of the filing fee may result in dismissal of this action without further prior notice." Doc. 7 at 3. More than two months have passed since I issued that order, and Miller has failed to pay the fee as instructed.

Under Federal Rule of Civil Procedure 41(b), "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."[1] Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss an action *sua sponte* for failure to prosecute.[2] "In determining

---

[1] Fed. R. Civ. Proc. 41(b). Such a dismissal does not operate as an adjudication on the merits in several circumstances, none of which are applicable here. *See id.*

[2] *Chambers v. NASCO, Inc*., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689
(continued...)

whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."[3]

Consideration of all five factors in this case favors dismissal. The first two factors favor dismissal because I have waited more than two months for any response to the September 18, 2014, order, and I have received none. I also note that there is no apparent prejudice to defendants, who have not been obligated to respond to the allegations in Miller's complaint. I have already explored the less drastic alternatives, by permitting plaintiff ample time to arrange for payment of the $400 filing fee and explaining the potential consequences of her failing to do so. And although disposition of this case on grounds other than its merits may be contrary to public policy, this factor alone, when weighed against the other four, is insufficient to prevent dismissal of the claim.

Accordingly, it is **HEREBY ORDERED** that Miller's claims are DISMISSED WITH PREJUDICE for failure to comply with the court's September 18, 2014, order. The clerk of court is instructed to enter judgment accordingly and close this case.

DATED: December 11, 2014.

_____
Jennifer A. Dorsey
United States District Judge

**Clerk to notify:**

Willie Mary Miller
2151 Hussium Hills
#202
Bldg. 5
Las Vegas, NV 89108

---

(...continued)
(9th Cir. 2005) ("courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances").

[3] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).